```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**DONELL J. BLOUNT, SR., #300349,**

        **Petitioner,**

**v.**                                                      **2:06CV132**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On June 6, 2001, in the Circuit Court for the City of Portsmouth, Virginia, petitioner was convicted of robbery, abduction, statutory burglary, and use of a firearm in the commission of a felony. Petitioner was sentenced to forty-eight years imprisonment. Petitioner appealed in the Virginia Court of Appeals, but on July 27, 2001, the appeal was dismissed as untimely. Petitioner then filed a petition for writ of habeas corpus in the Portsmouth Circuit Court, seeking a belated appeal and raising additional substantive claims. On September 9, 2002, petitioner was granted leave to pursue a delayed appeal, but the substantive claims in the petition were denied, without prejudice to allow petitioner to pursue them on appeal. On October 8, 2002, the Court of Appeals granted petitioner leave to file a delayed appeal.

Despite the granting of a delayed appeal, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but the petition was denied on March 28, 2003, as "premature."  On June 6, 2003, the court denied a petition for rehearing.

On April 21, 2003, the Virginia Court of Appeals granted petitioner's motion to withdrew the appeal filed by his court-appointed counsel and granted petitioner leave to proceed pro se.  On December 4, 2003, the appeal was denied on the merits, and on March 11, 2004, a three-judge panel denied the appeal.

On February 23, 2004, petitioner filed a petition for writ of habeas corpus in this Court (2:04CV119), but on September 24, 2004, the petition was dismissed for failure to exhaust state court remedies.  Petitioner appealed the dismissal of the petition in the Fourth Circuit Court of Appeals, but the appeal was dismissed on February 4, 2005, and on March 9, 2005, a petition for rehearing was dismissed.

Petitioner then filed a habeas petition in the Portsmouth Circuit Court, but on August 1, 2005, the petition was dismissed.  Petitioner appealed in the Supreme Court of Virginia, but the court refused the appeal on February 17, 2006.

On March 6, 2006, petitioner filed a petition for writ of habeas corpus in this Court, and on May 10, 2006, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1. Prison officials prevented petitioner from filing an appeal in the Virginia Supreme Court;

2

    2.    The trial court erred by allowing perjured testimony of a state witness to go uncorrected;

    3.    The trial court erred by failing to suppress an unreliable and impermissible witness identification;

    4.    The evidence was insufficient to support a conviction;

    5.    The Department of Corrections deprived petitioner of constitutional protections in disciplinary hearings.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW
### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  Id. at 432.

4

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513

U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.  Claims 2, 3, and 4 are Procedurally Defaulted

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654(B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had

6

held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

---

knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

7

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

Petitioner alleges that the trial court erred by allowing perjured testimony of a state witness to go uncorrected, (Claim 2); that the trial court erred by failing to suppress an unreliable and impermissible witness identification, (Claim 3); and that the evidence was insufficient to support a conviction, (Claim 4). The claims were raised in petitioner's delayed direct appeal in the Virginia Court of Appeals. However, petitioner never appealed the adverse ruling of the Court of Appeals to the Supreme Court of Virginia. Therefore, the Supreme Court has never had the opportunity to rule on the merits of the claims. Petitioner does not argue that there has been a fundamental miscarriage of justice. Furthermore, petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Supreme Court of Virginia. Therefore, Claims 2, 3 and 4 are procedurally defaulted and should be DISMISSED.

### E.  Claim 1 is Without Merit.

Petitioner alleges that the prison officials prevented him from filing an appeal in the Supreme Court of Virginia. He claims that the withholding of his personal property by the Department of Corrections

8

deprived him of the only copy of his pleadings, thereby preventing him from filing the petition for appeal before April 10, 2004.

The Fourth Circuit entertained the "interference by officials" argument in a recent case where the prosecution failed to disclose the location of exculpatory evidence. Barnes v. Thompson, 58 F.3d 971 (4th Cir. 1995). The court held that "assuming 'some interference by officials' . . . a petitioner still cannot show cause if the information sought is otherwise reasonably available." Id. at 975-76. The court's rationale was that because the exculpatory evidence would have been discoverable by a reasonably diligent defendant, any alleged interference did not make compliance with procedure impracticable enough to constitute 'cause.' Id. at 976.

Petitioner's argument does not establish cause for his procedural default. Applying the Fourth Circuit's reasonable diligence standard to this case, the Court finds that the alleged interference by prison officials did not make filing an appeal impracticable. The Court need not determine whether the circuit court's findings that petitioner was allowed to pack his own belongings and choose the box which was transported were, in fact, unreasonable. Even assuming "some interference by officials," petitioner could have filed his appeal through reasonable diligence.

The Supreme Court of Virginia allows a thirty-day extension of time for filing a petition for appeal, when two justices find that an "extraordinary occurrence" which was unforeseen and unavoidable prevents a party from filing. Such a motion for extension would be considered timely, as long as it was deposited in the internal prison mail system

by the filing deadline. Va. S.Ct. R. Pt. 5, 5:5 (a),(c) (2006). Petitioner had ten days to file such a motion, which would have given him an additional thirty days to redraft the pleading. A petitioner's pleadings, derived from his own faculties, and resources which are a matter of public record, would constitute "information which is readily available" under Barnes. The fact that petitioner voluntarily proceeded pro se does not excuse him from knowledge of procedural rules or a reasonable standard of diligence.

Petitioner relies on Valverde v. Stinson, 224 F.3d 129 (2d Cir. 2000), to support the proposition that "a person is plainly prevented from filing a pleading for some period of time if he is deprived of the sole copy of the pleading." Valverde involves an equitable tolling claim under the AEDPA by a petitioner whose pleadings were confiscated by a prison official and subsequently barred by the statute of limitations. The case stated that confiscation of legal papers is an "extraordinary" occurrence for the purposes of equitable tolling, but the inquiry did not stop there. Id. at 133-34. The court examined whether the extraordinary occurrence prevented the petitioner from filing his petition and court stated that if the petitioner had not "exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation . . . is broken, and the extraordinary circumstance did not prevent timely filing." Id. at 134. Because the petitioner had immediately started to redraft his pleading upon confiscation, the case survived a motion to dismiss, and the case was remanded to the district court to determine whether the petitioner had exercised such reasonable diligence.

In this case, petitioner did not immediately begin to redraft his pleading, nor did he file a motion for an extension of time with the Supreme Court of Virginia. Therefore, unlike <u>Valverde</u>, there is no evidence of reasonable diligence. Because the chain of causation between the alleged interference and petitioner's failure to file is broken his claim cannot survive respondent's motion to dismiss. Petitioner has failed to establish "cause" for his procedural default. The claim is without merit and should be DISMISSED.

### F. Claim 5 is Not Properly Before the Court.

Petitioner alleges that the Department of Corrections deprived him of constitutional protections in disciplinary hearings. Rule 2(e) of the Federal Rules Governing Section 2254 cases (2004), states that "a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." The Rule applies to a judgment in a state court and one in a prison disciplinary proceeding, since the prison disciplinary proceeding is a separate state tribunal. Because the judgments were not rendered in the same state tribunal, petitioner is barred from raising the claim in the instant petition. If petitioner wishes to have the merits of this claim considered, he must file a separate habeas petition. However, petitioner must first exhaust his available state court remedies regarding the claim before filing in federal court. The claim cannot be considered in this petition and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and

11

respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                                            /s/
                                                    **James E. Bradberry**
                                                  **United States Magistrate Judge**

**Norfolk, Virginia**

    **July 24**    , **2006**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Donell J. Blount, #300349, <u>pro</u> <u>se</u>
    Red Onion State Prison
    P.O. Box 1900
    Pound, VA  24279

    Alice T. Armstrong, Esquire
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

                              Fernando Galindo, Acting Clerk

                              By _____
                                        Deputy Clerk

                              _____, 2006